MARY WOOD, *et al.*, Appellants, v. SAMUEL E. BROWN.

**Quieting Title:** EVIDENCE. In an action to quiet title the plaintiff's chain of title showed a transfer of the title from a widow of one former grantee, and from the heirs of another former grantee, but there was nothing to show by what authority the transfers were made. *Held*, plaintiff has failed to establish his allegation of ownership.

ADMISSIONS: *Plea and proof.* An admission by defendants in an action to quiet title to land, that plaintiffs are seized of the "interest if any" owned by a specified person at his death, does not relieve plaintiff of the burden of proving title to the land, where an allegation that such person died seized of the land, was put in issue by a general denial.

RIGHTS OF CLAIMANT: *Mortgages.* Plaintiff in an action to quiet title to land cannot, where he shows no title to the land, question the right of defendants to a foreclosure of the mortgage on the land, on the ground that the latter had released part of the land from the mortgage.

**Mortgage:** RELEASE: *Construction.* An instrument acknowledging "full and entire satisfaction for a mortgage" on specified land, does not operate as an entire satisfaction of the mortgage debt, but only as the release of the land described in such instrument, where the mortgage covered other land, and had not in fact been paid.

**Pleading:** STRIKING OFF. It is not error to sustain a motion to strike an amendment to the petition which alleged matter, not in support of the cause of action, but in reply to matter alleged in defendant's cross-petition.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

FRIDAY, DECEMBER 17, 1897.

ON November 5, 1892, plaintiffs filed their petition to quiet the title in them to the southwest quarter of the southeast quarter of section 11, township 79, north of range 21, west of the fifth P. M., Iowa, making Samuel E. Brown, Alfred Sully, W. B. Smith, Rebecca Smith, Elizabeth Martz, and the unknown husband and children of Elizabeth Martz, and the legatees or devisees of the children of Elizabeth Martz, defendants. They alleged that they are the absolute owners in fee simple of said land, and are informed and believe that the defendants make some claim adverse to the plaintiffs thereto; that John Martz died April 1, 1869, leaving Elizabeth Martz, his widow, and some children, surviving him; that on the twenty-third day of June, 1869, said Elizabeth Martz sold and conveyed said land to Peter Cragan, without reference to any children; that on February 1, 1872, Cragan sold and conveyed the same to George B. Wood, who has since died, and from whom plaintiffs obtained title, being the only heirs at law of said Wood; that on October 14, 1867, Alexander Kannady executed a mortgage on said land to defendants Brown and Sully, and on the same day another mortgage to defendants W. B. and Rebecca Smith, which mortgages were duly recorded. Defendants W. B. Smith and Rebecca Smith answered, denying each and every allegation made in plaintiffs' petition, except those expressly admitted. "The defendants admit that plaintiffs have some claim or title in the lands described, but aver the same is junior and inferior in equity and to title of defendants." By way of cross-petition they allege the execution to them by Alexander Kannady and wife of the mortgage mentioned in the petition, and allege that the same is still due, and wholly unpaid, and pray that the same be established as superior to the claims of all the parties hereto, and that the same be foreclosed. Thereafter plaintiffs filed an amendment to

their petition, alleging that said mortgage was without consideration, and for the purpose of disposing of the property in a testamentary capacity; and that afterwards said Kannady and wife rescinded the same by the execution of a warranty deed to said land to John Martz. Plaintiffs filed a second amendment to their petition in four paragraphs. In the first they set out by reference the mortgage set out in the answer of these defendants. In the second they allege that Kannady died in October, 1883, and that the cause of action under said mortgage is barred. In the third they allege that said mortgage was released, satisfied, and discharged of record by W. B. Smith on the twenty-eighth of November, 1870, and in the fourth that these defendants are not entitled to relief, for the reason that the mortgage shows on its face that it is null and void, because, by its terms, it creates an estate to commence in the future, upon the death of the grantor, reserving to him its use, enjoyment, and possession. These defendants moved to strike this amendment, on the ground that the matters set up were no part of plaintiffs' cause of action, are in avoidance of the matters alleged in the cross-petition, and could only be properly pleaded in reply thereto. This motion was sustained, and thereupon plaintiffs replied, in substance as follows: That defendants' mortgage covered two other tracts of land than that in controversy, and that, after recording of the deed to Martz, and the subsequent conveyances thereof, these defendants, on the twenty-eighth of November, 1870, without the knowledge or consent of said grantors, released and canceled said mortgage so far as it covered the land in controversy, which land was worth six hundred dollars, whereby defendants' rights under said mortgage have been postponed to and made junior and inferior to the conveyances under which plaintiffs and their grantors held the land. They renew their allegation that defendants' cause of action is barred, and allege that said

claim was never filed, proven, or allowed against the estate of Alexander Kannady, and that the administrator of Kannady is a necessary party. Decree was entered in favor of the defendants W. B. Smith and Rebecca Smith, from which plaintiffs appeal.— *Affirmed.*

*Cragan Bros., E. J. Salmon,* and *H. S. Winslow* for appellants.

*W. O. McElroy* for appellees.

GIVEN, J.—I. Both parties claim through Alexander Kannady; appellees under said mortgage executed to them by Kannady, October 14, 1867, and the appellants under the following chain of title: Deed dated June 15, 1868, from Kannady and wife to John Martz; deed, June 23, 1869, from Elizabeth Martz to Peter Cragan; deed from Peter Cragan and wife to George B. Wood, no date appearing; deed, dated November 12, 1873, from George B. Wood to Peter Olson; deed of the only heirs at law of Peter Olson to George B. Wood, no date appearing. Each of these deeds appears to have been a warranty deed, and to have been recorded within a short time after its date. It will be observed that it does not appear by what authority Elizabeth Martz conveyed to Peter Cragan, or the heirs at law of Peter Olson conveyed to George B. Wood, from whom plaintiffs claim title. It is certainly clear that they have failed to establish their allegation of ownership. They contend, however, that under the admission made in defendants' answer, and a further admission made on the trial, it was conceded that they held title subject to appellees' mortgage. On the trial "the defendants admitted that the plaintiffs

are seized of the interest, if any, owned by Geo. B. Wood at his death, in said real estate." By the general denial appellees put in issue the allegation that George B. Wood died seized of this land, and by these admissions they only conceded that appellants are seized of whatever interest Wood had at his death; or, in other words, that they are his heirs. We do not think that these admissions relieve appellants of the burden of proving title, and they seem to have so regarded it on the trial, as they then introduced the record of the deeds we have mentioned.

II. Appellees' mortgage was executed and recorded prior to the conveyance from Kannady to Martz; therefore Martz and his grantees took with notice thereof. Said mortgage was executed to secure the payment of four hundred dollars, consideration for lands in Missouri sold to Kannady; said sum to be paid on the death of Kannady, to appellees in trust, the same to be divided by them, when collected, as follows: One hundred dollars thereof to Rebecca Smith, one hundred dollars to Mary J. Steel, one hundred dollars to Ellen M. Scott, and one hundred dollars to Sophia Lawson,—daughters of Kannady. Appellants do not question, in argument, the validity of this mortgage, but insist that by reason of the alleged satisfaction and cancellation thereof of record appellees are not entitled to enforce the same as against the land in controversy. On November 28, 1870, which was after the conveyance from Martz to Cragan, and before the last conveyance to George B. Wood, appellee W. B. Smith, not as trustee, but in his individual capacity, executed and acknowledge an instrument in writing as follows, which was recorded December 2, 1870: "For value received, I hereby acknowledge full and entire satisfaction for a mortgage given by Alexander Kannady to W. B. Smith on the undivided half of the south half of

the northeast quarter of section 12, township 79 north, range 21 west 5 P. M., Iowa." Question is made in argument whether this relates to the mortgage under consideration, but that it does cannot be doubted under the pleadings and proofs. This mortgage covers the land described in said writing as well as that in controversy, and one other separate tract of land. Construed in the light of attending circumstances, it seems to us quite clear that said writing was not intended as a full and entire satisfaction of this mortgage, but simply as a release of the lands described therein from the mortgage. The evidence is undisputed that no part of the debt has ever been paid, and the "full and entire satisfaction" acknowledged is not of the mortgage debt, but is as to the tract of land described. We are in no doubt that, as between appellees and the heirs of Kannady, appellees are entitled to enforce this mortgage as against the land in controversy and the other tract described, not embraced in the release. We may here add that there was no error in sustaining appellees' motion to strike appellants' first so-called amendment to their petition, as the matters alleged are not in support of their cause of action, but in reply to the matters alleged in appellees' cross-petition.

III.   The only remaining contention of appellants requiring notice is that by releasing part of the security the land in controversy stands released in the hands of these grantees from the lien of the mortgage. How this might be if appellants had sustained their allegation of ownership, we need not determine, for, as we have seen, they have failed to do this; therefore they may not question appellees' right to foreclosure as to the lands in controversy. Thus viewing the case, we reach the conclusion that the judgment of the district court should be AFFIRMED.